UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH HUNT,<br><br>      Petitioner,<br><br>  v.<br><br>SCOTT KERNAN, warden<br><br>      Respondent. | Case No. CV 98-5280 AHS (AN)<br><br>ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AS AMENDED |

Pursuant to 28 U.S.C. § 636, the Court has conducted a *de novo* review of the file, including the Magistrate Judge's related Report and Recommendation regarding Respondent's Motion to Dismiss Claims From Fourth Amended Petition ("R&R") (docket item #207), petitioner Joseph Hunt's Revised Objection to the R&R (docket item #214), and his related Supplement thereto (docket item #221).

IT IS ORDERED that:

1. In light of *House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064, 2078 (2006), which was decided shortly after the R&R was issued, the R&R is deemed to be amended by deleting the sentence that begins with "Moreover" on page 12, line 26, and ends at page

13, line 1 ("Amended R&R").[1/]  The Amended R&R is approved and adopted in every other respect, and Hunt's supplemental objection (Supplement at 3:7-4:5) to the foregoing sentence based upon *House* is denied as moot.

      2.   Hunt's Revised Objection to the Amended R&R purports to raise five objections.  The Court makes the following findings and rulings with respect to these objections:

      a.   Objection #1

The Magistrate Judge found the motion to dismiss should be granted against claims 1-7, 3-7, 3-8, 3-9 and 3-10.  [Amended R&R at 10:15-16:16.]  The Magistrate Judge found these five new claims were time-barred (a point Hunt concedes), and that Hunt's failure to proffer any post-trial "new reliable evidence" showing he is actually innocent of robbing his victim also barred this Court from reaching the merits pursuant to *Schlup's* miscarriage of justice-actual innocence gateway.  [*Id.*]  By way of his first objection, Hunt principally contends the Magistrate Judge erred because his particular procedural gateway claim is made pursuant to *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639 (1986) and *Bousley v. United States*, 523 U.S. 614, 118 S. Ct. 1604 (1998), not *Schlup*.

---

[1/] In discussing the miscarriage of justice exception-actual innocence gateway, the Magistrate Judge stated, "Moreover, *Schlup's* 'more likely than not' standard appears to be superseded by the 'clear and convincing' standard within § 2254(e)(2) as amended by AEDPA -- a point recognized by Hunt."  [R&R at 12:26-13:1 (note 10 omitted).]  In *House*, the Supreme Court found the AEDPA's clear and convincing standard does not replace the *Schlup* "more likely than not" standard.  *House*, 547 U.S. at 537.  However, it is important to note the Magistrate Judge's analysis of Hunt's actual innocence claim is unaffected by *House* and remains valid because he ultimately applied the correct "more likely than not" standard in considering this issue.  [*Id.*, 13:2-16:16]

According to Hunt, "*Schlup* is the controlling case when a prisoner seeks to use newly discovered, extra-record, evidence as a procedural gateway." [Supplement at 2:5-7.] Hunt further maintains that, in contrast to *Schlup*, *Carrier* and *Bousley* allow him to rely upon the existing record, and "are the leading U.S. Supreme Court cases when a prisoner is using the unaugmented record on appeal to establish that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" [Revised Objection, Objection #1 at 1:27-2:1; Supplement at 2:8-14.]

An examination of *Carrier*, *Bousley*, *Schlup*, and *House* disclose Hunt's first objection lacks merit, and that his attempt to distinguish *Schlup* from *Carrier* and *Bousley* is misplaced.

Contrary to Hunt's assertion, *Carrier* also requires a miscarriage of justice-actual innocence gateway claim to be supported by "new evidence"; indeed, *Schlup* makes it eminently clear that its central holding -- that a petitioner seeking to have procedurally defaulted claims heard on the merits pursuant to the actual innocence gateway must be supported by "new reliable evidence . . . that was not presented at trial" -- is based upon the *Carrier* standard and its requirement of "new evidence." *Schlup*, 513 U.S. at 323-24.[2]

---

[2] Specifically, *Schlup* explains:

The *Carrier* standard requires the habeas petitioner to show that "a constitutional violation has probably resulted in conviction of one who is actually innocent." 477 U.S., at 496. To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him *in light of the new evidence*. *Schlup*, 513 U.S. at 328 (emphasis added).

Page 3

Likewise, Hunt's reliance upon *Bousley*, and his effort to distinguish it from *Schlup*, is misplaced for two reasons.

First, and foremost, *Bousley* is inapplicable and materially distinguishable because the petitioner had not raised an actual innocence claim. Instead, the main issue in *Bousley* was whether a petitioner should be given the opportunity to raise such a claim because, while the appeal of the denial of his federal habeas petition was still pending, the United States Supreme Court issued an opinion that clarified the criminal statute which the petitioner's guilty plea had been based upon in a manner that raised a serious question about whether the petitioner's plea was voluntary and intelligent.

Specifically, in *Bousley*, the petitioner pled guilty to using a firearm in violation of 18 U.S.C. § 924(c)(1). However, five years later, the United States Supreme Court decided *Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501 (1995), which held "that § 924(c)(1)'s 'use' prong requires the Government to show 'active employment of the firearm'" "but does not include mere possession of a firearm." *Bousley*, 523 U.S. at 616, 617. Meanwhile, in his pre-*Bailey* federal habeas petition pursuant to 28 U.S.C. § 2241, the petitioner challenged "the factual basis for his guilty plea on the ground neither the evidence nor the plea allocution" showed he used a firearm. *Id.* at 617-18. The petitioner eventually appealed the district court's dismissal of his § 2241 petition. While that appeal was pending, the Supreme Court decided *Bailey*.[3/] *Id.* at 618. Significantly, the *Bousley*

---

[3/] *Bousley* explained that *Teague v. Lane*, 489 U.S. 288, 109 S.
(continued...)

Court emphasized that it granted certiorari "to resolve a split among the Circuits over the permissibility of post-*Bailey* collateral attacks on § 924(c)(1) convictions obtained pursuant to guilty pleas[,]" *Id.* at 618. Given the unique circumstances occasioned by its decision in *Bailey*, *Bousley* held that, "although this [involuntary plea] claim was procedurally defaulted, petitioner may be entitled to hearing on the merits of it *if he makes the necessary showing to relieve the default.*" *Id.* at 616 (emphasis added).

Second, *Bousley* clearly establishes that, in order to make the necessary showing pursuant to the miscarriage of justice-actual innocence gateway, the petitioner must comply with the standard set forth in *Carrier* and *Schlup*, which required the petitioner to "establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent[,]'" and that "[t]o establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence, . . . it is more likely than not that no reasonable juror would have convicted him.'" *Id.* at 623 (expressly quoting and citing *Carrier* and *Schlup*). As already discussed, *Schlup* expressly holds the evidence must include "new reliable evidence." *Schlup*, 513 U.S. at 324. Further, in *House*, which was decided after *Bousley*, the Supreme Court reaffirmed that a credible gateway claim "requires new reliable evidence." *See House*, 547 U.S. at 537-538.

---

3/ (...continued)
Ct. 1060 (1989) did not govern since it only applies to procedural rules and, in *Bailey*, the Court simply "decided the meaning of a criminal statute enacted by Congress." *Bousley*, 523 U.S. at 620.

To recap, *Carrier* and *Bousley* do not support Hunt's first objection. *Carrier*, *Schlup*, *Bousley*, and *House* consistently establish that the miscarriage of justice-actual innocence gateway requires a petitioner to proffer new reliable evidence that was not presented at the underlying criminal trial, and that "[a] petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt -- or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538.[4/] Hunt's reliance upon *Bousley* is misplaced because that case is distinguishable and still requires an actual innocence claim to be supported by new reliable evidence as dictated in *Schlup* and *House*. The Supreme Court's evolving focus on "new reliable evidence" not presented at a petitioner's trial is no accident. Absent such new reliable evidence, a federal habeas court does not need to engage in speculation to what a hypothetical, reasonable juror would do based upon the existing record. This is because the reviewing court already knows twelve real jurors actually found the existing record established the petitioner was guilty beyond a

---

[4/]  This part of *House* also disposes of another argument Hunt raised as part of his first objection -- that, "while the actual innocence issue can now be decided in [his] favor, it is procedurally premature to decide that issue against [him] at this time" because all of the relevant state court records have not been lodged. [Revised Objection at 17:15-21.] Further, under Ninth Circuit law, a district court is not required to fully develop the factual record unless the petitioner raises a credible actual innocence claim by proffering new reliable evidence in accordance with *Schlup*. *See Sistrunk v. Armenakis*, 292 F.3d 669, 673 n.4 (9th Cir. 2002) (affirming district court's rejection of petitioner's actual innocence claim, and noting the rejection of such a claim would be proper based solely upon the proffered new evidence).

reasonable doubt.  Hunt ignores this rather obvious point in making his first objection.

The Court finds the other parts of Hunt's first objection are facially without merit for the reasons already stated in the Amended R&R.  Based upon the foregoing, and for the reasons set forth in the Amended R&R, Hunt's first objection is overruled.

b.   Objection #2

As part of his second objection, Hunt contends the Magistrate Judge erred in finding his original petition, which is 70 pages in length not including the related 662-page memorandum, was prolix and failed to give respondent fair notice in the manner required by Fed. R. Civ. P. 8(a) and Habeas Rule 2(c).  Hunt's contention suggests his original petition must have given fair notice because Respondent filed an Answer to it in response to an "OSC" issued by the magistrate judge originally assigned to this case.  [Revised Objection at 21-1-9.]  The record discloses Hunt's suggestion is inaccurate and misleading.  The so-called OSC, which was not issued by the current magistrate judge, discloses that order was filed on July 2, 1998 (docket item #13) ("7/2/98 Order") and directed Respondent to file an Answer responding to three specific questions, *without addressing the merits within twenty days after the order was issued*.  [7/2/98 Order at 1:23-2:6.]

Significantly, the 7/2/98 Order directed Respondent to file a separate Return for the purpose of addressing the merits of Hunt's claims (and, if necessary, the issue of exhaustion) no later than thirty days after the filing of the Answer.  [*Id.* at 2:15-27.]  On July 22, 1998, Respondent filed his 2-page Answer in accordance with the 7/2/98 Order without addressing the merits or conceding

1  the original petition gave him fair notice.  [Answer (docket item
2  #15).]  Coincidentally, on the same date Respondent filed his
3  Answer, the original magistrate judge issued an order of self-
4  recusal "due to a conflict of interest" and then the case was
5  randomly reassigned to the currently assigned magistrate judge.
6  [7/22/98 Order (docket item #17).]  On August 10, 1998 -- before
7  the Return was to be filed -- the currently assigned magistrate
8  judge issued an order that vacated the 7/2/98 Order and directed
9  Hunt to file a first amended petition due to the aforementioned
10 problems.  [8/10/98 Order (docket item #20).]  Based upon the
11 foregoing and reasons set forth in the Amended R&R, Hunt's second
12 objection is overruled in its entirety.

                c.   Objections ##3, 4 & 5

14       The third and fourth objections are overruled because
15 they lack merit for the reasons already expressed in the Amended
16 R&R.
17       By way of his fifth objection, Hunt asserts there is no
18 reason for a fifth amended petition even if some claims are deemed
19 untimely.  [Revised Objection at 25:20-25.]  The Court construes
20 the fifth objection as a request to have Respondent address the
21 merits of those claims raised in the fourth amended petition that
22 are not dismissed by way of this Order, and the request is granted.
23       2.   The motion to dismiss is granted in part in that
24 claims 1-2(A), 1-2.3(C), 1-5, 1-7, 2-1(C12.13), 2-1(C12.14), 2-
25 2(B1), 2-2(B2), 3-1 (only as to the trial judge's unidentified
26 third refusal to conduct an evidentiary hearing), 3-6, 3-7, 3-8, 3-
27 9, and 3-10 of the fourth amended petition and related detailed
28 statement are dismissed with prejudice for the reasons stated in

the Amended R&R; the motion to dismiss is denied in part with respect to the other claims that are challenged and identified in the motion to dismiss.

3. The matter is referred back to the Magistrate Judge for further proceedings. Respondent is directed to proceed with filing and serving an Answer that addresses the merits of the surviving claims of the fourth amended petition in the time and manner directed by the Magistrate Judge. The Clerk of the Court shall serve a copy of this Order on all counsel or parties of record.

Dated: June 17, 2008

ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE