UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - ORDER



Case No.   CV 98-5280 AHS (AN)                    Dated: September 10, 2008

Title:   Joseph Hunt v. Scott Kernan, warden
===========================================================================

Present:  **Hon. Arthur Nakazato, United States Magistrate Judge**
(In Chambers - No Appearances)

| Melissa Cash | None |
|---|---|
| Deputy Clerk | Court Reporter |

**Proceedings:**   1.   Petitioner's application to exceed page limitation (docket no. 243)

2.   Petitioner's application for extension of time to file his Reply (docket no. 244)

**Rulings:**   The application to exceed the page limitation is DENIED. The application for an extension of time is GRANTED (details discussed below).

### I. Background

On September 2, 2008, petitioner Joseph Hunt, through his recently retained counsel, e-filed the two aforementioned applications. Both applications are supported by declarations signed by Hunt's counsel, who entered his appearance in this 1998 action after Respondent filed his Answer to the surviving claims in Hunt's Fourth Amended Petition ("FAP"). Hunt's counsel represents that he notified Respondent's counsel about the applications and was informed that Respondent opposed the applications. Based upon this representation, the Court issued an order inviting Respondent to file an opposition (9/4/08 Order (AN) (docket no. 246)), and on September 5, 2008, Respondent e-filed his written opposition (docket no. 245). The matters stand submitted.

Joseph Hunt v. Scott Kernan, warden
CV 98-5280 AHS (AN)
September 10, 2008
Page 2
================================================================================

## II. Discussion

### A.   Application to exceed page limitation

Hunt's counsel requests that he be allowed to file a Reply that is 75 pages or, alternatively, no less than 50 pages, even though the Court's Final Briefing Order expressly limited the length of Respondent's Answer to 50 pages and Petitioner's Reply to 25 pages. (6/18/08 Final Briefing Order (AN) (docket no. 233).) He states, "[a]lthough, in the reply, I do not intend to discuss each and every claim and sub-claim raised by Hunt, I nonetheless, seek 75 pages." (Application, Declaration of Counsel, ¶5 at 6.) He principally asserts the extra pages are needed because he has "thus far identified 11 independent defects (e.g., the courts' failure to consider and weigh highly probative, relevant evidence; their misapprehension as to the correct legal standards, each of which requires some discussion, accompanied by citations to the pertinent legal authority and the record." (*Id.*) Hunt's counsel cites what he refers to as "one, albeit important example, with respect to subclaim no. 1-1.7 - Barens' failure to call Karen Sue Marmor as a witness," claiming "Petitioner will attempt to show the state court's factfinding was anything but reasonable and that, in fact, any objective reading of the record would demonstrate as much." (*Id.* at 7.) He then refers to Hunt's 10-page *pro se* attempt to address this subclaim, a copy of which is attached as an Exhibit A. (*Id.*)

Respondent objects to the application. Respondent states while he is usually amenable to accommodating these types of requests, he opposes the application in this particular case because Hunt has already been allowed to file a 240-page FAP accompanied by a "Detailed Statement of Facts" ("DS"), and that Hunt now seeks to file a Reply that is triple the size of what this Court ordered in its Final Briefing Order. Respondent stated he would be severely prejudiced because he prepared his 50-page Answer in strict compliance with the Court's Final Briefing Order and, by doing so, he was compelled to answer the FAP and DS "in a very succinct and cursory manner to claims which Respondent could have more effectively discussed at much greater length." (Opposition at 2.) In doing so, Respondent asserts he understood Hunt would also be held to a strict page limitation and "[t]o hold Respondent to a strict page limit while allowing Petitioner to exceed this Court's

Case 2:98-cv-05280-RHW Document 247 Filed 09/10/08 Page 3 of 7 Page ID #:550

Joseph Hunt v. Scott Kernan, warden
CV 98-5280 AHS (AN)
September 10, 2008
Page 3
===================================================================

limit on his second pleading in this case would unfairly prejudice Respondent by giving Petitioner an opportunity to argue in depth matters that Respondent was able to present in only a most cursory manner." (*Id.*)

After considering the parties' respective positions, the Court finds the application fails to show good cause, and that Respondent's opposition has merit for the following reasons.

On March 24, 2005, the Court granted Hunt's application to file "his 51-page" FAP and accompanying "190-page" DS. (3/24/05 Order (AN) (docket #189); FAP (docket #190); DS (docket #191).) The 241 pages that Petitioner was given in order to describe his claims greatly exceeds the number of pages granted to the vast majority of petitioners. In this regard, Hunt also ignores that the Court granted him leave to file both documents even though the combined page count was nearly ten times greater than the 25-page limit imposed by Local Rule 11-6, and even though the DS substantially repeated verbatim the ten grounds raised in the FAP.

On the other hand, Respondent was limited to filing an Answer that could not exceed 50 pages. Consequently, the relative page ratio of the FAP/DS to the Answer was 4.82:1 or nearly 5:1, thereby effectively limiting Respondent's Answer to 1 page for every 5 pages of the FAP/DS. Instead of requiring Hunt to reciprocate by limiting the number of pages of his Reply to the same ratio, which would be 5 pages, Hunt was granted leave to file a Reply of up to 25 pages; 5 times what he comparatively deserved and an Answer-to-Reply page ratio of 2:1, which is also more than double the relative page ratio imposed upon Respondent.

The foregoing page limitations were established after carefully reviewing the nature of the surviving claims raised in the FAP and DS, and were based upon the Court's experience in handling over 1,200 habeas petitions. Despite the 5-to-1 page differential, Respondent's Answer does set forth its opposing contentions to the surviving claims in a very concise manner that clearly notifies Hunt about Respondent's perceived defects with his claims.

Further, Hunt and his counsel are reminded that all it takes is one claim to obtain

Case 2:98-cv-05280-RHW   Document 247   Filed 09/10/08   Page 4 of 7   Page ID #:551

Joseph Hunt v. Scott Kernan, warden
CV 98-5280 AHS (AN)
September 10, 2008
Page 4
==================================================================================

federal habeas relief under § 2254. Meeting this burden is a function of the quality of a claim, not the quantity of pages or words required to describe its purported merit. Assuming, without finding, that Petitioner has up to three meritorious claims, a 25-page Reply leaves Hunt with 8 pages per claim to explain why Respondent's position for each claim as set forth in Respondent's Answer is not meritorious. Additionally, the purpose of a Reply is just that -- to reply to certain contentions raised in the Answer, not to raise matters that are or should have been included in the FAP or DS. In this regard, the conclusory assertion by Hunt's counsel that he has "thus far identified 11 independent defects" does not establish good cause for a 50 to 75 page Reply. With one exception, the application does not even identify 10 of the 11 purported defects. As to the one example given with respect to subclaim no. 1-1.7, the fact that Hunt's 10-page effort to describe what he perceived to be the operative facts does not establish good cause because, as his counsel appears to acknowledge, this *pro se* effort was and is extremely verbose.

In this regard, the Court observes Hunt's counsel is more than capable of separating the wheat from the chaff even though his apparent search for independent defects tends to suggest he may be getting sidetracked into identifying new issues rather than responding to the Answer. In his supporting declaration, Hunt's counsel states that he has "been continuously practicing criminal defense work since graduating from law school[1] in 1988, with over 95% of my practice devoted to that and habeas work[,]" and that he is admitted to practice in California, Massachusetts, and "numerous federal courts." (Application, Declaration of Counsel, ¶ 3.) The Court welcomes counsel's belated appearance and the experience he brings to Hunt in this case. As an experienced criminal defense and habeas counsel, however, counsel is well aware that federal habeas review under 28 U.S.C. § 2254 is similar to appellate work to the extent the task of a federal habeas court is to determine whether the state courts' denial of a prisoner's Constitutional habeas claim was contrary to, or an unreasonable application of, clearly established Federal law as determined by the United States Supreme Court, or resulted in a decision that was based upon an unreasonable

---

[1]  According to California State Bar records that are available on the Internet at www.calbar.ca.gov/state/calbar_home.jsp, Petitioner's counsel graduated from Harvard University Law School in Cambridge, Massachusetts.

Case 2:98-cv-05280-RHW   Document 247   Filed 09/10/08   Page 5 of 7   Page ID #:552

Joseph Hunt v. Scott Kernan, warden
CV 98-5280 AHS (AN)
September 10, 2008
Page 5
================================================================================

determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 22554(d). Part of the job of a good habeas counsel is similar to that of a good appellate lawyer -- to winnow out weaker claims and focus on one or just a few claims. *See Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S. Ct. 3308 (1983). The "weeding out" of weaker claims is widely recognized as one of the hallmarks of effective advocacy because every weak claim included in a party's brief detracts from the attention a reviewing court can devote to the stronger issues, reduces counsel's credibility before the court, and unnecessarily uses up pages that could have been used to develop the one or few good claims. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989). Hunt's counsel appears to understand this hallmark of effective advocacy to the extent he has represented that he "does not intend to discuss each and every claim and sub-claim" that Hunt raised in the FAP and DS. Hunt's counsel is expected to do what his new client has largely been incapable of doing up to this point on his own -- weed out the weaker claims, focus on the strongest claim or claims raised in the FAP and DS, and use the opportunity to make the Reply show in a concise manner why he and Hunt believe Respondent's position on these claims is not persuasive.

Based upon the foregoing, the Court finds the application fails to show good cause for doubling or tripling the number of pages of the Reply. Accordingly, the application to exceed the Court-ordered twenty-five page limit for the Reply is denied.

### B.   Application for extension of time

Hunt's counsel requests one ten-day extension of time until September 25, 2008, to e--file the Reply. He represents that, since July 22, 2008, the date he entered his appearance, he has "been working daily, not taking any summer or holiday vacation," and that he has not been able to devote all of his time to familiarizing himself with the record and drafting Hunt's Reply in this case because he also had to draft four briefs or memoranda in four other cases. (Application, Declaration of Counsel, ¶¶ 2-3.) Respondent is sympathetic with the request, however, Respondent points out that the Court's Final Briefing Order specifically warned Respondent that the other work commitments would not justify granting Respondent any extension of time. (Opposition 3.) As a result, Respondent asserts his counsel was compelled to set aside other work obligations and to work on

Joseph Hunt v. Scott Kernan, warden
CV 98-5280 AHS (AN)
September 10, 2008
Page 6
================================================================================

weekends and days off in order to comply with the Court's deadline, and that Hunt's recently retained counsel should be held to the same standard.

Respondent's opposing contentions certainly have merit. Further, on the same date the Final Briefing Order was issued, the Court also issued an order denying Petitioner's application to substitute another attorney in as his counsel of record subject to all sorts of unacceptable qualifications. (6/18/08 Order (AN) (docket no. 232).) This order contained the following admonition and directive:

> Any requested substitution of Gilg for Petitioner must be unconditional, subject to the same service and copy rules that apply to every other litigant, and that Gilg shall be held to the same, unqualified standard as every other counsel of record, including the requirement that his substitution will not result in any delay because he has adequately familiarized himself with the complete record. *See* Local Rule 83-2.9.2.4 ("Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in the prosecution of the case to completion.")

(6/18/08 Order at 2.) The Court is not aware of any federal or state laws that require Hunt's counsel to represent Hunt in this matter. Nor is the Court aware of any laws that require members of the California Bar to forego vacations and holidays or take on new cases even though counsel does not have time to devote to new matters. Further, if counsel did not have the time to work on this case due to the press of other client matters, then he should not have accepted the representation and entered an appearance in this case. By making an Eleventh Hour appearance in this 1998 case, counsel accepted the time and page limitations imposed by this Court's Final Briefing Order.

Nonetheless, even though the application does not show good cause, the Court exercises its discretion to grant the application and give Hunt one final extension until September 25, 2008, to e-file the Reply. No further extensions will be granted and any Reply e-filed after September 25, 2008, will not be considered.


cc: CHIEF JUDGE STOTLER
All Parties

Initials of Deputy Clerk _JS for MC_