UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 98-05280 AHS (AN) | Date | May 25, 2011 |
|---|---|---|---|
| Title | Joseph Hunt v. Scott Kernan, et al. | | |

| Present: The Honorable | ALICEMARIE H. STOTLER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Carolyn Voss | None |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers)  ORDER:  (1) SUBMITTING AND REMOVING PETITIONER'S "MOTION TO REVOKE REFERENCE TO MAGISTRATE JUDGE AND TO DECIDE CASE" FROM THE COURT'S JUNE 6, 2011 CALENDAR, AND (2) DENYING PETITIONER'S MOTION (ECF No. 252)

**I.     Procedural History and Order Taking Motion under Submission**

On May 2, 2011, petitioner Joseph Hunt ("Petitioner") filed a "Motion to Revoke Reference to Magistrate Judge and to Decide Case" ("Motion").  On May 9, 2011, respondent Scott Kernan, Warden ("Respondent"), filed opposition.  On May 23, 2011, Petitioner filed a reply.  The matter is currently set for hearing on the Court's June 6, 2011 calendar.  The Court finds the matter appropriate for submission on the papers without oral argument.  See Local Rule 7-15 (stating that the Court may dispense with oral argument on any matter unless otherwise required); Fed. R. Civ. P. 78.  The matter is, therefore, removed from the Court's June 6, 2011 calendar.

**II.    Discussion and Order Denying Motion**

Petitioner moves for an order revoking the Court's reference to the Magistrate Judge.[1]  Petitioner's first federal habeas petition was filed on June 30, 1998, and Petitioner contends that "[t]hrough absolutely no fault of his own, he is now in the

---

[1] Petitioner's Motion erroneously refers to Magistrate Judge Nakazato as "Magistrate Judge Nakazota."Petitioner's Motion erroneously refers to Magistrate Judge Nakazato as "Magistrate Judge Nakazota."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 98-05280 AHS (AN) | Date | May 25, 2011 |
|---|---|---|---|
| Title | Joseph Hunt v. Scott Kernan, et al. | | |

thirteenth year of his wait for said decision."[2] (Mot. at 2.) Petitioner submits that the Magistrate Judge "was away on medical leave for an extended period of time and surely returns to the press of accumulated other business," which "present[s] this Court with an extraordinary situation that should warrant its intervention" given "the history of this litigation that preceded it." (Reply at 5.) Because there is "no justification for further delay" in issuing a report and recommendation by the Magistrate Judge, because the Court is familiar with the facts of this case, and because revoking reference to the Magistrate Judge would "remove a layer of review" that would "bring this case to a speedy resolution," Petitioner requests that assigned district judge proceed to the merits. (Mot. at 2; Reply at 5.)

Respondent opposes on the grounds, *inter alia*, that the Magistrate Judge is in the best position to expeditiously resolve the issues raised in Petitioner's Fourth Amended Petition ("Petition") given the "large number of issues raised in the petition, and the particular way in which the parties have crafted their pleadings to comply with Magistrate Judge Nakazato's orders." (Opp'n at 2.)

Under the circumstances of this case, the Court must agree with Respondent.

First, it is undisputed that the Petition at issue here is complex. (See ECF No. 190.) The "Detailed Statement of Factual Allegations in Support of the Fourth Amended Petition" is nearly 200 pages. (ECF No. 191.) The Petition is supported by seven large volumes of exhibits with thousands of pages. The Answer to the Petition is supported by nine bankers boxes of documents, including a Reporter's Transcript with 101 volumes and over 15,000 pages, a Clerk's Transcript, and Petitioner's state court filings. Given the volume and complexity of the case, a considered ruling necessarily demands a great deal of time.

Second, and more fundamentally, revoking the reference to the Magistrate Judge would undermine Petitioner's request for a "speedy resolution" of this case. The Magistrate Judge is completely familiar with the case's procedural and factual history. If

---

[2] The Court takes notice that Petitioner filed an application to stay these proceedings (ECF No. 218) and a motion to disqualify Magistrate Judge Nakazato (ECF No. 219), both of which were denied. (See ECF Nos. 226 & 227.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 98-05280 AHS (AN) | Date | May 25, 2011 |
|---|---|---|---|
| Title | Joseph Hunt v. Scott Kernan, et al. | | |

Petitioner's Motion were granted, the Court would not have benefit of the Magistrate Judge's previous study and research nor his Report and Recommendation.  Not only would this unnecessarily waste judicial resources, but it would undoubtedly consume even more time.

Lastly, the Court is satisfied that the Magistrate Judge is making progress in this matter.

### III.    Conclusion

Accordingly and for the foregoing reasons, Petitioner's Motion is denied.

IT IS SO ORDERED.

The Clerk shall serve a copy of this order on counsel for all parties in this action.

cc:  Magistrate Judge Nakazato